```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | |
|---|---|
| KEVIN ROBERSON, | * |
|  | * |
|     Plaintiff, | * |
|  | * |
| vs. | *   CIVIL ACTION NO. 12-00737-WS-B |
|  | * |
| CAROLYN W. COLVIN, Commissioner | * |
| of Social Security,[1] | * |
|  | * |
|     Defendant. | * |

## REPORT AND RECOMMENDATION

This action, which was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3), is before the Court for review. Upon careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I. Background Facts and Proceedings

Plaintiff, who is proceeding *pro se*, filed a complaint and

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

a motion to proceed without prepayment of fees on December 5, 2012. (Docs. 1, 2). In an Order dated December 6, 2012, the undersigned observed that both Plaintiff's motion and his complaint were deficient. (Doc. 3). The Court denied Plaintiff's motion to proceed without prepayment of fees and ordered Plaintiff to refile his motion on this Court's form by December 28, 2012. (Doc. 3). With respect to Plaintiff's complaint, the Court observed that the complaint was deficient because it contained no information or facts regarding the basis for Plaintiff's claim; thus, it did not comply with Rule 8(a) of the Federal Rules of Civil Procedure. (Doc. 3). Indeed, a review of Plaintiff's one-page complaint revealed that it consisted of nothing more than Plaintiff's name and address and the name and address of the Social Security Administration. (Doc. 1). Therefore, the Court directed Plaintiff to file, by December 28, 2012, both a new motion to proceed without prepayment of fees, and an amended complaint that set forth the facts regarding his claim. (Doc. 3). Plaintiff was instructed that, to the extent that he is seeking to appeal a decision of the Commissioner of Social Security, he must provide facts regarding the basis for his claim, such as when the decision was rendered, which Administrative Law Judge rendered the decision, and why he believes the decision should be reversed. (Id.).

On December 26, 2012, Plaintiff filed a new motion to

2

proceed without prepayment of fees, which was granted by the Court on January 2, 2013. (Docs. 4, 5). Plaintiff did not however file an amended complaint as previously instructed. Accordingly, on January 29, 2013, the Court issued a second Order directing Plaintiff to file, by February 11, 2003, an amended complaint correcting the pleading deficiencies or his complaint would be dismissed for failure to prosecute and failure to obey the Court's Order. (Doc. 6).

On February 19, 2013, Plaintiff filed an amended complaint and a third motion for leave to proceed without prepayment of fees. (Docs. 7, 8). Because the Court previously granted Plaintiff's second motion for leave to proceed without prepayment of fees on January 2, 2013 (Docs. 4, 5), his third motion to proceed *in forma pauperis* (Doc. 8) is MOOT. Plaintiff's amended complaint (Doc. 7) consists of two sentences which read as follows: "Been turned down by social security[.] Now filing suit for disability." (Doc. 7 at 2). Because Plaintiff has failed to correct the pleading deficiencies, although provided an opportunity to do so, his amended complaint is due to be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

II. Discussion

Because Plaintiff is proceeding *in forma pauperis*, the Court

is reviewing his amended complaint (Doc. 7) under 28 U.S.C. § 1915(e)(2)(B).[2]  For proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (involving Fed. R. Civ. P. 12(b)(6) dismissal). The "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (alteration omitted).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient

---

[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

In this case, Plaintiff was advised that his original complaint was deficient because it contained no information or facts regarding the basis for his claim; thus, it did not comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff was specifically instructed to provide facts in his amended complaint regarding the basis for his claim, and if appealing a decision of the Commissioner of Social Security, to include facts reflecting when the decision was rendered, which Administrative Law Judge rendered the decision, and why he believes the decision should be reversed. Notwithstanding the

Court's instructions, Plaintiff's amended complaint, as drafted, does not contain "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993) (citations omitted). Thus, it fails to meet the low pleading standard required by Rule 8(a) of the Federal Rules of Civil Procedure, and is due to be dismissed for failure to state a claim upon which relief can be granted.  Because Plaintiff has been afforded an opportunity to correct this pleading deficiency, but has failed to do so, the undersigned recommends that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

III. Conclusion

For the reasons set forth herein, the undersigned recommends that this action be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.  If Plaintiff elects to file an objection to this Report and Recommendation, he should draft and file an objection that sets forth his challenges to the factual findings and/or legal conclusions of the undersigned.

**DONE** this the **3rd** day of **April, 2013.**

>                              /s/ SONJA F. BIVINS
>                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

---

[3]  Effective December 1, 2009, the time for filing written objections was extended to "**14** days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2) (emphasis added).

>   objection may be deemed an abandonment of
>   the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.